NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD B. HOGUE, | No.  18-15204 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01620-JCM-VCF |
| v. | |
| SILVER STATE SCHOOLS CREDIT UNION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 16, 2019
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and LASNIK,[**] District Judge.

Plaintiff-Appellant Richard B. Hogue appeals the district court's dismissal of his claims brought under the Fair Credit Reporting Act ("FCRA").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Hogue filed a complaint against Defendant-Appellee Silver State Schools Credit Union ("Silver State"), alleging Silver State violated Section 1681s–2(b) of the FCRA: the duty to investigate the accuracy of reported information upon receiving notice of a dispute. Hogue alleges Silver State, first, erroneously reported an auto loan as "past due" to Defendant Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency, after the loan had been discharged through bankruptcy, and, then, failed to adequately investigate the disputed credit information after Hogue reported it.

After discovery, the district court granted Silver State's motion for summary judgment and dismissed Hogue's claims. The district court determined Hogue did not state a claim for relief under the FCRA because Silver State had met its reporting and dispute investigation obligations.

## A.

Although neither party addressed whether Hogue had Article III standing to bring this suit, we are required to consider standing in the first instance when it implicates our jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires a plaintiff to establish three elements: (1) "the plaintiff must have suffered an 'injury in fact'" that is "concrete and

2

particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560–61 (citations omitted).

At issue here is whether Hogue established that he had suffered an injury in fact. We have adopted a two-part inquiry to determine whether the violation of a statutory right constitutes a concrete injury. *Robins v. Spokeo, Inc.* [*Spokeo III*], 867 F.3d 1108, 1113 (9th Cir. 2017). We consider, "(1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged . . . actually harm, or present a material risk of harm to, such interests." *Id.*

The first prong is satisfied because the FCRA was established to protect consumers' concrete interests. *Id.* at 1113–14. The concrete-injury analysis in the FCRA context generally focuses on the second prong of the inquiry: whether the alleged procedural violations actually harmed, or presented a material risk of harm, to the consumer's concrete interests. Hogue has not shown that the inclusion of the Silver State account on his consumer disclosure report actually harmed—or presented a material risk of harm to—his concrete interests.

First, Hogue has not shown actual harm to his concrete interests. The

3

district court found that "no third parties made an adverse credit decision as to [Hogue] based on this disputed information." When DirecTV conducted a "soft inquiry" on Hogue's credit report, there is no evidence the inquiry included the disputed Silver State account information, but even if it had, there was no harm: Hogue became a DirecTV customer. When the account came up in Hogue's 2012 work background check, there was no harm: Hogue's job was not affected. And although Hogue feared the account would be considered again in his 2017 work background check, it "fell off" his credit report one year before the background check. As for other damages, the district court discounted Hogue's claims of out-of-pocket expenses and emotional distress because he did not provide supporting evidence of those damages and could not show that his expenses and distress were the result of an FCRA violation.

Second, Hogue has not shown a material risk of harm to his concrete interests. The district court found that Hogue "failed to show Experian disclosed the disputed credit information to a third party." Although, as we held in *Ramirez v. TransUnion*, 951 F.3d 1008, 1027 (9th Cir. 2020), actual dissemination to a third party is not always required to establish standing under the FCRA, the plaintiff still must show a risk that the disputed information could be disseminated and that such dissemination would present a material risk of harm to his concrete interests. Here, there was no risk of dissemination to third parties. As the district court found, the

4

"disputed, negative information at issue here was not published in a consumer report, viewable b[y] third parties." And even if there was a risk of dissemination, Hogue did not allege a material risk that such dissemination would harm him. Although Hogue's consumer disclosure report listed the Silver State account as "past due," it also described the account as having been discharged by Hogue's bankruptcy. Thus, the district court found that the inclusion of the account was not "materially misleading."

Hogue has not suffered a concrete injury-in-fact sufficient to confer Article III standing. We dismiss Hogue's complaint for lack of subject matter jurisdiction.

**B.**

In supplemental appellate briefing, Hogue requests that, if we dismiss his complaint for lack of standing, we permit him leave to amend. This request has merit.

"In general, dismissal for lack of subject matter jurisdiction is without prejudice." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). And in theory, Hogue could allege facts that might supporting standing. *See id.* ("Plaintiffs have not satisfied the requirements [for] . . . standing. In theory, Plaintiffs could allege . . . facts that might support standing. As a result, the complaint should have been dismissed *without* prejudice."). Thus, we affirm the district court's dismissal of Hogue's complaint, but on the basis that he lacks

5

Article III standing to bring his claims, and we instruct the district court to enter an order of dismissal without prejudice.

**AFFIRMED with instructions to the district court to enter an order of dismissal without prejudice.**